## Case No. 3,191.

### COOPER v. BROWN et al.

[2 McLean, 495.][1]

Circuit Court, D. Illinois. June Term, 1841.

SPECIFIC PERFORMANCE—DISAFFIRMANCE OF CONTRACT—TENDER—LACHES.

1. A court of equity will not decree a specific performance of a contract, at the instance of the vendor, where he has been guilty of a gross negligence, and the property has greatly deteriorated in value.

2. The consideration of the purchase having been paid to the vendee, in case of his death, his representatives are bound to use, at least, reasonable diligence in executing a conveyance.

3. Where the vendor has been so negligent as to have no claim on a court of equity, for a specific performance, the vendee may disaffirm the contract, and recover back the money paid, in an action for money had and received.

[Cited in Dudley v. Hayward, 11 Fed. 546.]

4. The vendor is bound to make and tender the deed.

[1] [Reported by Hon. John McLean, Circuit Justice.]

5. Where a specific performance can not be enforced by the vendor, by reason of his own laches, it would seem that a demand for a deed, by the vendee, can not be necessary, before bringing of the action for the consideration money.

6. It is not perceived why the bringing of the action, in such a case, by the vendee, is not, of itself, a disaffirmance of the contract. In this case, however, there was a demand.

[Cited in Hoffman v. John Hancock Mut. Life Ins. Co., 92 U. S. 165.]

Mr. Morris, for plaintiff.
Mr. Butterfield, for defendants.

OPINION OF THE COURT. This is an action of assumpsit, brought to recover the consideration paid for certain lots of ground, sold by the defendants to the plaintiff, in June, 1836, and which they agreed to convey by a deed of general warranty, but which they had failed to do. One of the parties from whom the deed was to come, deceased, and no steps were taken to procure a conveyance from the representatives of the deceased, by the defendants, until August, 1838, when a bill was filed. This bill is still pending, and has not been prosecuted with ordinary diligence. In the mean time the property purchased has so deteriorated in value as not to be of one fourth the value it was at the time of the purchase. Upon this state of facts, the court instructed the jury to find for the plaintiff, which they did, in order that the points raised by the defendants' counsel might be considered, on a motion for a new trial.

This motion was made, and rested upon two grounds—First: A sufficient excuse has been shown for the delay in executing the deed. Second: The remedy of the plaintiff is on the contract to convey, and not on the general money counts. Several years have transpired since this deed was to have been executed, and it appears that the defendants are chargeable with negligence. A demand of it has been made by the plaintiff. On the death of the person in whom the fee of the lots was, in part, vested, they should have obtained an order of court, by bill in chancery or otherwise, under the statute, for the executors or heirs to make a conveyance, in fulfillment of the contract. But great delay took place before this application was made, and the bill has been pending nearly three years, and no final order or decree has yet been obtained. This shows a want of that diligence which the law imposes. In addition to the unnecessary delay, the property is now not worth, perhaps, the one fourth of the price which the plaintiff agreed to pay for it. A delay in the performance of a contract, where a sufficient excuse for the nonperformance is given, and the condition of the parties and value of the property remain the same, substantially, as at the time of the contract, may be no obstacle to a decree for a specific performance. But there is no instance where the delay has been unreason-

able, and without sufficient excuse; and the property has greatly fallen in value, where a court has decreed a specific execution of the contract. Under such circumstances, it would not be in the power of the court to place the parties in the condition they would have been, had the contract been performed; and this is a sufficient reason why a court of equity will not decree an execution of it. This rule applies, with unanswerable force, to the case under consideration. Longworth v. Taylor [Case No. 8,490]; McKay v. Carrington [Id. 8,841]; Taylor v. Longworth, 14 Pet. [39 U. S.] 174.

The second ground on which the motion for a new trial is founded is equally unsustainable. Where the vendor neglects, refuses, or is unable to make an operative conveyance, the vendee, having paid the consideration, may sue on the covenant for a deed, or disaffirm the contract, and bring assumpsit to recover back the money paid. By bringing an action on the covenant he may recover the damages he has sustained by the breach, on the part of the vendor. And these are, in some cases, ascertained by the estimated value of the property covered by the contract. In the case of Weaver v. Bentley, 1 Caines, 47, Kent, J., in giving the opinion of the court, said: "We are of opinion the plaintiff had his election, either to proceed on the covenant and recover damages for the breach of it, or to disaffirm the contract, and bring assumpsit to recover back what he had paid on a consideration which had failed." To the same effect are the cases of D. Utricht v. Melchor, 1 Dall. [1 U. S.] 428; Howes v. Barker, 3 Johns. 509. Where the purchaser has paid any part of the purchase money, and the seller does not complete his engagement, so that the contract is totally unexecuted, he, the purchaser, may affirm the agreement for the nonperformance of it, or he may elect to disaffirm the agreement ab initio, and bring an action for money had and received to his use. Sudg. Vend. 234; Gillet v. Maynard, 5 Johns. 85, note a, p. 88. In Giles v. Edwards, 7 Term R. 181, Lord Kenyon, C. J., said: "As, by the defendants' default, the plaintiffs could not perform what they had undertaken to do, they had a right to put an end to the whole contract, and recover back the money they had paid under it." Assumpsit for money had and received, lies when a payment has been made on a contract which is put an end to. Towers v. Barret, 1 Term R. 133. This action cannot be sustained while the special contract or covenant is open and subsisting. If it remain open, the remedy is on the covenant; and this leads to the consideration of the ground on which the vendee may disaffirm the contract. This, it is conceived, he may do, in all cases where the vendor has failed, and has been guilty of such gross negligence as to prevent a court of equity from decreeing, at his instance, a specific performance. Whether or not the contract has been put an

end to, may always be a subject of inquiry at the trial. In Fuller v. Hubbard, 6 Cow. 13, the court held where a contract to pay for and receive a conveyance of land, the money has been paid, though a conveyance has not been given, the vendee can not rescind the contract, and sue for the purchase money and interest, but must bring his action on the contract, as one still subsisting. That where one agrees to convey land, on the payment of money, the vendee must not only tender or pay the money, but he must demand a conveyance, and, after waiting a reasonable time for it to be made out, must present himself to receive it.

The contract in the above case was made, in 1812, by the plaintiff, to purchase one hundred acres of land for six hundred dollars. The sum of one hundred dollars was paid down, and the residue was to be paid in three yearly instalments, with interest. The vendee entered into the possession, and he made the last payment, in May, 1819, to the administrators of Smith. And the court say: "The payments were made by the plaintiff upon the fact of the special contract. Every thing has gone on, for a series of years, upon the supposition that the agreement was valid and subsisting." And the court held that it was the duty of the vendee to prepare a deed for the land, and tender it to the vendor, in pursuance of the custom at common law. There were circumstances, in that case, of acquiescence by the vendee, in the protracted payments, and in his occupancy of the land, which might go far to excuse the delay in making the deed. A new trial was granted; and the same case is reported in 7 Cow. 53, where the court again held that the plaintiff could not recover on the general counts, for money had and received. The second opinion of the court rested upon the ground, that the heirs of Smith could not be considered in default, as a deed had never been demanded of them by the plaintiff. And they held that, where a vendor dies, the same demand must be made of, and time allowed to his heirs, before a suit can be brought against his personal representatives for damages. Some time before the commencement of this suit, a demand of the deed was made by the plaintiff of the executors of the deceased vendor, who were authorized, in the will, to execute a conveyance. The rule of the common law, as to the preparation of the deed by the vendee, has not, generally, been adopted in this country. It is not in force in this state. The vendor, who binds himself to make the conveyance, must make it. 1 McLean, 104, 105 [Mitchell v. Thompson, Case No. 9,669]; Taylor v. Longworth, 14 Pet. [39 U. S.] 175. Doubts are entertained whether, under the circumstances of this case, a demand of the deed, though made, was necessary. Such had been the deterioration in the value of the property, connected with the lapse of time, that no court of equity could compel the vendee to

receive a deed. Had the deed been made when the vendors were bound to make it, the property might have been disposed of at little or no loss to the vendee; but, now, he would lose at least three fourths of the consideration paid. A demand can, in no case, be necessary as a mere matter of form. It presupposes a willingness, and, indeed, an obligation on the part of the person making the demand, to receive the deed demanded. And, in this case, it would seem not to have been necessary for the plaintiff to make a demand of a deed from the defendants; for, assuredly, he was not bound to receive a deed, and give up his claim to a return of the consideration money, when the demand was made. This would clearly be the case, if the action were founded upon the agreement; and the rule would seem equally to apply where the action, for money had and received, is brought. That contract, which can not be enforced by one party, by reason of lapse of time and his own laches, may, it would seem, be disaffirmed by the other party. The contract, in fact, is of no force in behalf of the vendor, either in a court of law or equity. The plaintiff never had possession of any part of the premises, nor are there any circumstances which can go to show, on his part, an acquiescence in the delay of making the title. Upon the whole, the motion for a new trial is overruled, and a judgment is entered on the verdict.