## THE STATE OF IOWA;

IOWA CITY, JULY TERM, A.D. 1847,

In the first year of the State.

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
HON. THOMAS S. WILSON, } JUDGES.
HON. JOHN F. KINNEY, }

## CARSON *v.* LUCORE.

To enable the plaintiff to recover the purchase money paid on a contract for land, after the defendant fails to make conveyance according to agreement, it is not necessary for him to tender a deed for the defendant to execute, unless expressly required to do so by the terms of the contract. *Query:* Is it necessary in such a case for the plaintiff, or his agent, to demand a deed of the defendant?

If the bill of exceptions does not fully set forth the evidence upon the point about which the court is requested to charge the jury, but still the facts involved tended to raise that point; and when the party for whom the verdict was given asked for the instruction, it will be presumed that the instruction was applicable, and had some influence with the jury.

ERROR, *to Linn District Court.*

*Sanford* and *Smith*, for the plaintiff. It appears by the bill of exceptions that Lucore had sold the land, so that he was unable to convey it to the plaintiff. This dispensed with

3

the necessity of demanding a deed. *Blann* v. *Smith,* 4 Blackf. 517 ; Gil. Dig. 771.

The court erred in giving the jury instruction, that it was the duty of the plaintiff to tender a deed for defendant to execute. This we admit to be the English practice; but it has never been adopted in the United States. *Buckmaster* v. *Grundy,* 1 Scam., 314 ; 2 Randolph, 20 ; 2 McLean, 495 ; Gil. Dig., 134, 779.

The evidence on our part is not very fully stated in the bill of exceptions, but the court will presume that the instructions were applicable to the case, and had an influence on the jury ; and if the instructions were erroneous, the judgment must be reversed. 11 Wheat., 59 ; *Peyton* v. *Bowell,* 1 Blackf., 244 ; *Rogers* v. *Lamb,* 3 Blackf., 156 ; *Senard* v. *Patterson, ib.,* 359.

*S. C. Hastings* and *I. M. Preston,* for the defendant. As to first point, we say, that it does not appear that Lucore had sold the land, and was unable to convey to plaintiff; on the contrary, it appears that the defendant is so able to convey, that plaintiff has filed a bill in chancery, now pending, to compel him to convey.

As to second point, we say the court did not instruct the jury as averred ; but that one of defendant's attorneys suggested, that plaintiff should tender a deed for defendant to execute. But had the court so instructed, and admitting the instruction erroneous, the plaintiff can take no advantage of it here ; as the bill of exceptions affirmatively shows that the contract, so far from being rescinded, was then in that court being enforced by plaintiff's bill for specific performance ; and also, because the bill of exceptions shows that no demand even, was ever made by plaintiff of defendant for a deed, nor by his attorney as such. Julius E. Sanford demanded a deed, but exhibited no authority to make such demand, and named no person to whom such deed should be executed. The interrogatory to the witness was leading and illegal ; and the witness did not give the reply or refusal of defendant to make a deed. The most favorable presumption, then, to plaintiff is, that the

Carson *v.* Lucore.

defendant was silent, as he should have been, at the impertinence of a stranger, in making such a demand.

If the bill of exceptions shows that the $50 was paid to defendant for a certain tract of land; we answer, that it also shows that the contract has not been rescinded; and before an action of assumpsit can be sustained the contract must be rescinded.

The bill of exceptions shows that the $50 were paid for a part consideration. That plaintiff had agreed to purchase a certain eighty acres of land, and deed half to defendant, in consideration of defendant's claim on the same; and, having failed so to do, plaintiff paid the $50 in consideration and satisfaction thereof.

The bill of exceptions does not give all the evidence relative to the $50; and such evidence as it does recite clearly shows that the plaintiff could not recover; and the case went to the jury under so much confusion and uncertainty of proof, that no instruction of the court could work a prejudice to the plaintiff.

An erroneous instruction of a judge, which works no prejudice to the party, forms no ground of reversal of the judgment. 2 U. S. Dig., 162; 3 Gill & John., 450.

Nor will a judgment be reversed on a writ of error, where it appears that the plaintiff sustained no injury from the error. 2 U. S. Dig., 162; 3 J. J. Marsh., 717.

An error must be a manifest one which will reverse a judgment; probability that the judgment is erroneous is not sufficient. 2 U. S. Dig., 164; 1 Halst., 132; 3 Littel, 14.

A bill of exceptions liable to the charge of ambiguity, uncertainty, or omission, ought, like any other pleading, to be construed most strongly against the party who prepared it. Gil. Dig., 96; 3 Scam., 6.

The bill of exceptions here belongs to plaintiff.

All the evidence should be embodied in the bill of exceptions. This bill refers only to certain evidence tending to show the facts. Gil. Dig., 93; 2 Scam., 507; *ib.* 355; *Lurton* v. *Carson,* 2 Blackf., 464.

*Opinion by* WILLIAMS, C. J. William J. Carson sued Rufus H. Lucore in the district court of Linn county, in assumpsit, on an account filed for money had and received, &c. The plaintiff's declaration contained the common counts, alleging an indebtedness of $150. Defendant pleaded non-assumpsit, and gave notice of set off. The cause was tried on the issue joined, and a verdict rendered by the jury, and judgment entered thereon in favor of the defendant, for the sum of fifty cents.

The plaintiff Carson sued out his writ of error to the judgment of the district court, upon which the cause is here upon errors assigned for adjudication.

The plaintiff in error assigns for error, in the proceedings of the court below, the following :

1. The court erred in instructing the jury, that before the plaintiff could maintain this action of assumpsit, for the recovery of money paid upon a contract to convey land, he or his agent, duly authorized, must first demand of defendant a deed.

2. The court erred in instructing the jury that said plaintiff could not maintain the action of assumpsit to recover money as stated in last assignment, unless he had first tendered a deed for defendant to execute.

The bill of exceptions shows that evidence was offered on the trial of the cause, tending to prove that the plaintiff, Carson, had let the defendant, Lucore, have fifty dollars, for which defendant was to convey to him a certain tract of land, the title of which was not then in the defendant ; and that the plaintiff knew that the title was, at that time, outstanding, and not in defendant. That the title afterwards had been made to the defendant Lucore. That a bill in chancery had been filed, and was at the time of the trial pending in the district court of Linn county, to compel Lucore, the defendant, to convey the land to Carson, the plaintiff. There was evidence of a demand of the deed by J. E. Sanford, as the attorney of Carson. And also, that on the part of the defendant, evidence was offered and given to the jury, tending to show that the fifty dollars here sued for was paid to Lucore by Carson, as the consideration upon which Carson should be released from a compliance

with the terms of a contract, previously entered into, and made between him and Lucore ; by which he had bound himself to enter certain land for the defendant in the land office, and which he had failed to do. This being the statement of facts as appears of record, the jury was instructed by the court, among other things, " that before the plaintiff could treat the contract referred to as cancelled, and sue in assumpsit for the said fifty dollars, he or his agent must first demand of the defendant a deed;" and farther, the court charged the jury, " that plaintiff should tender a deed for the defendant to execute."

To this instruction the counsel for the plaintiff excepted, all of which is certified to this court in due form of law.

This instruction of the district court is not in accordance with the law as now held by the courts in this country. It is true, that in England it has been sometimes held by the courts, that in a contract to convey land, it was necessary for the purchaser to prepare the deed of conveyance, in accordance with the terms of the contract, and tender it to the vendor, whether the contract provide that it shall be made by him at his cost and expense, or not. The practice there may be regulated by rules adopted by the profession, but it is a deviation from the principle of common law. By the common law, the party who binds himself by contract, to do a certain thing, which is itself not in violation of law, is required to do it, or cause it to be done, and to furnish the means necessary for its accomplishment, when the act required can be done without the co-operation of the other party, with whom the contract was made. This question has been examined and settled by the cases of *Buckmaster* v. *Grundy*, 1 Scam., 314 ; *Fairfax* v. *Lewis*, 2 Rand., 20, and 2 McLean, 495. The vendor binding himself by his contract to execute and deliver a deed conveying the title to land, is bound to procure and furnish the means to enable him to fulfil his part of the contract, and discharge himself from its obligations in accordance with its terms.

It has been suggested here by the counsel for the defendant in error, that this instruction of the court is not applicable to the case ; that the facts in evidence, as set forth in the bill of

Carson *v.* Lucore.

exceptions, do not show to this court, that the instruction so given could have any influence on the minds of the jurors who tried the cause in the court below.

This instruction of the court, as appears by the bill of exceptions, was given at the instance and request of the attorney of the defendant, in whose favor the verdict was returned. Although the facts of the case as they were in evidence on the trial, and as contained in the bill of exceptions, may not fully and clearly show the entire applicability of the instruction, still we think there is enough presented by the case to justify this court in presuming that the instruction as given was applicable to the case, as presented to the jury upon the issue joined; and that it did affect the minds of the jurors in making up the verdict. The question of law which was to be settled by the court to govern the jury in making up the verdict from the facts proven, was, as to the necessity of a demand, and tender of a deed by the plaintiff, who stood as vendee in the contract, before he could recover in assumpsit for money paid. The facts apparent by the bill of exceptions, accompanied by the circumstance of the defendant's counsel asking for the instruction, furnish sufficient ground for this court to presume that it was applicable to the case. 11 Wheat., 59; *Peyton* v. *Bowell*, 1 Blackf., 244; *Rogers* v. *Lamb*, 3 Blackf., 156; *Senard* v. *Patterson*, 3 *ibid.*, 359.

As this was the only error argued in this court, and as it disposes of the case, it is not necessary to notice any other.

Judgment reversed.