Herrington *v.* Hubbard.

JAMES HERRINGTON, appellant *v.* GURDON S. HUBBARD, appellee.

*Appeal from Cook.*

Where A entered into a contract with B, for the purchase of real estate, the consideration of which was to be paid in instalments, the first on some particular day, and the residue at stated periods thereafter, the deed to be executed and delivered on payment of the first instalment; and B refused to execute the deed in pursuance of the agreement, and A thereupon instituted proceedings at law for the recovery of the money paid on the contract; *Held* that the institution of a suit for the recovery of the money paid, is, in legal contemplation, a virtual rescission of the contract; and A cannot afterwards compel the specific execution thereof in a court of equity.

Under such circumstances, B is at perfect liberty to treat the agreement as rescinded, and a contract afterwards made by him for the sale of the same premises to a third person, for a valuable consideration, is valid. The proceeding is to be considered as a disaffirmance of the contract, and is, in legal contemplation, notice to every person of such fact.

The bringing of a suit to recover back the consideration money, after a breach of the contract, is equivalent to an express disaffirmance of the contract, and to be regarded as sufficient evidence of the determination of the party to treat it as rescinded, as the consideration can only be recovered back on the ground of a disaffirmance of the contract.

A specific performance of a contract will not be decreed where a party has treated it as rescinded by suing to recover back the consideration paid upon the contract.

A party cannot proceed to recover in an action at law the consideration paid on a contract, and proceed concurrently in a Court of Equity for a specific performance of the same contract; because a recovery at law is based on an actual or constructive disaffirmance of the contract; and a party cannot obtain a decree for the specific execution of a contract, by a judgment at law, pronounced disaffirmed.

*Semble,* That an action of covenant to recover damages for the non-performance of a contract, may be proceeded in concurrently, with proceedings in chancery to compel a specific performance.

If the answer to a bill in chancery discloses an interest in a third person, in the subject matter of the suit, he should be made a defendant in the bill, that he may have an opportunity of defending his interests, which might otherwise be taken away from him without a hearing.

The rule is almost inflexible, certainly so where it can be done without extraordinary difficulty, or where the defendants are not very numerous, and do not reside in remote and distant countries, that all parties in interest shall be made defendants, so that no decree may be made which would affect their interests without their being heard.

Courts will take notice of the omission of proper defendants in the bill, though no demurrer be interposed, when it is manifest that the decree will have the effect of depriving them of their legal rights.

THIS cause was tried before the Hon. Thomas Ford, at the May term, 1836, of the Cook Circuit Court, on the chancery side thereof.

The facts in the case, as disclosed by the pleadings, show, that sometime in February, 1835, the complainant, Hubbard, entered into an agreement with Herrington, the defendant, for the purchase of a tract of land containing fifty acres, upon the following terms; to wit: "Five hundred dollars to be paid by the said Hubbard to the said Herrington on the delivery of the deed of

2v*

Herrington v. Hubbard.

the same, on or before the first day of April next; Thirteen hundred and seventy-five dollars to be paid within eighteen months from this date without interest: Thirteen hundred and seventy-five dollars to be paid within eighteen months from this date, with interest at six per cent., and five hundred dollars within the month of May next without interest. The said Herrington to make a good and sufficient warranty deed, in fee simple, released from the right of dower; and the said Hubbard to make the payments as aforesaid."

The bill avers, "That the complainant paid the said sum of five hundred dollars, on or before the first day of April aforesaid, and that he has always been ready and willing to perform his part of said agreement; and, on having a good deed from Herrington for the premises, is willing to pay the residue of the purchase money according to the agreement." It also avers, "That Herrington refuses to perform on his part."

On the 2nd of May, the complainant prosecuted an action of covenant against Herrington, to recover damages for the non-performance of his agreement. On the 7th of same month, the complainant instituted other proceedings against the said Herrington, to wit, an action of *assumpsit*, for the recovery of the money which he had paid upon the first instalment. Afterwards, to wit, on the 30th May, and before the filing of this bill, Herrington, regarding the contract as rescinded by the prosecution of the action of *assumpsit*, entered into a negociation with one Truman G. Wright, for the sale of the said land, which resulted in a written contract to sell on the 3d of June following, upon which day, the defendant Herrington, in good faith, and for a valid consideration, executed a deed in fee of said premises to the said Wright. On the 5th day of June, two days after the execution and delivery of the deed to Wright, Hubbard made a tender of $478,11, to Herrington, with a mortgage ready executed, and notes to secure the residue of the purchase money, which he refused on the ground, That said Hubbard had waived all right to a conveyance by prosecuting the defendant, Herrington, for a recovery of the money paid on the contract. After the refusal of the tender, and on the same day, the complainant filed this bill for a specific performance of the agreement, and abandoned his suits at law.

The cause came on to a hearing, and the Court decreed that Herrington should convey the lands set forth in the bill, by metes and bounds, to the complainant. Herrington appealed to this Court.

J. H. COLLINS and GILES SPRING, for the appellant, assigned causes of error, and relied upon the following points and authorities:

Herrington *v.* Hubbard.

1st. That the said complainant had not shown a performance of the agreement set forth in the bill, in respect to the first payment of $500, therein agreed to be paid on the delivery of the deed, on or before the first day of April, 1835. Breese 273; *Id.* 28.

2d. That the said Hubbard has not performed his part of the said agreement, as it regards the second payment, which was to have been made in the month of May.

3d. That the said Hubbard by his neglect to make the first and second payments, and by prosecuting his actions at law for a supposed breach of the contract, and to recover back the money advanced, abandoned the contract, at least so far as to forfeit all right to the aid of a court of equity, to enforce a specific performance.

4th. That the said Herrington has sold the said premises to an innocent purchaser prior to the filing of the said bill, and could not therefore be decreed specifically to perform said contract. Sugden's Vendors 158; R. L. 587, § 5; Gale's Stat. 663.

5th. That said bill is defective for want of proper parties defendants. The rule in regard to bills for relief, is, that every person who is at all interested in the event of a suit, or necessary to the relief, must be a party, in order to enable the Court to settle the rights of all, and make a complete and definite decree upon the matter. Edwards' Treatise on parties in Equity ; 2 Cooper's Equity Reports 33.

6th. Time is an essential part of this contract, and the complainant was bound if he intended to insist on having the land so to regard it. 1 Johns. Ch. 370; Sugden on Ven. 265; 4 Johns. Ch. 559.

WALTER B. SCATES and JAMES GRANT, for the appellee, relied upon the following points and authorities :

Time is not to be considered in Equity as of the essence of a contract. 3 Vesey, Jr. 692; Hov. Sup. to *Ibid.* 318; 7 Vesey, Jr. 202; 7 *Ibid.* 264; 12 *Ibid.* 326; 12 *Ibid.* 373; 13 *Ibid.* 289; 14 *Ibid.* 432; 18 *Ibid.* 335; 19 *Ibid.* 219; 1 Simmons and Stewart 190 ; 5 Serg. and Rawle 323.

SMITH, Justice, delivered the opinion of the Court:

Hubbard filed his bill against Herrington in the Cook Circuit Court, to compel the specific performance of a written contract to convey fifty acres of land, for the consideration of $3,750, payable by instalments, at different periods of time. It is deemed unimportant to the decision of the cause, to state with precision the terms of the contract, or the facts attendant on the first payment, and the subsequent overture and negotiations between the parties, to carry out the objects of the agreement, as they appear from the evidence, because it is supposed that there are three highly important points developed by other evidence, on

which the decision of the case must of necessity rest, independent of these.

It appears that Hubbard previous to the filing of his bill in equity, commenced in the Cook Circuit two actions at law, against Herrington, on this same contract: the first on the 2d of May, 1835, in covenant, to recover damages from Herrington for the non-performance of the contract on his part; and the second on the 9th of May, of the same year, in assumpsit, to recover back the amount of the consideration money paid by him. Both of these suits were subsequently dismissed, and the cause in equity instituted.

On the 3d of June, 1835, and before the filing of the bill in equity, Herrington entered into a written contract with one Truman G. Wright, to sell and convey the same lands to him, for the consideration of $7,440; and on the 23d of the same month actually executed and delivered to Wright a full and absolute conveyance of these lands, which was placed for record in the office of the Recorder of the county of Cook, on the 1st of July following. From these facts, which are incontrovertible, three questions arise: First, was not the institution of the action of assumpsit, a virtual rescinding of the contract between Hubbard and Herrington, and in legal contemplation must it not be so considered? Secondly, was not Herrington and Wright justified in so considering it; and is not the contract and sale between them for these lands valid, Wright being a purchaser for a valuable consideration? Thirdly, ought not Wright to have been made a party in the suit; and if so, is not the decree erroneous for the omission to name him in the bill?

Whatever may have been the state of facts between the parties, as it regards the payment of the first instalment, and the readiness of Hubbard to complete the others after the time for the second payment had expired, there would seem to be no rational doubt that Hubbard had determined to treat the contract as rescinded, by the acts of the parties, in their non-compliance to carry it into execution at the precise time stipulated.

He first institutes his action of covenant to recover damages for the non-performance by Herrington of his portion of the agreement; and afterwards brings his action to recover back the consideration money paid. We think this is sufficient evidence of his determination to treat the contract as rescinded; and that it is equivalent to an express disaffirmance of it. Such must be the legal intendment of his act; for he certainly could not recover back the consideration money paid, but on the ground of a disaffirmance.

Herrington, then, had a right so to consider it; and was at liberty to treat, and enter into a contract, with Wright for a sale to him of the lands. Wright finding this suit pending, must have

Herrington *v.* Hubbard.

considered it a disaffirmance; (and we are justified in presuming that Wright had notice, because the proceeding in legal contemplation is notice to every person) and felt that he might legally enter into a contract with Herrington for the sale and purchase without the existence of any obstacle; and accordingly did so, and consummated the purchase on the 23d of June, 1835.

It will be perceived that the agreement between Wright and Herrington is entered into on the 3d of June, 1835, two days previous to the filing of the bill. Wright, therefore, purchased without any knowledge that Hubbard had any intention of insisting on a specific performance of the original contract between him and Herrington.

There is no dispute that Wright is a purchaser for a valuable consideration; and we think from the facts, as they appear, that he acquired a legal title to the lands. Herrington being at perfect liberty to treat the contract as disaffirmed by the prosecution of Hubbard, to recover back the consideration money. It was urged at bar, that Hubbard had concurrent remedies, that he might proceed at law and equity at the same time; though he could not obtain damages and enforce a specific performance, he might elect which remedy he would pursue, and which to abandon, after their institution. The doctrine of concurrent remedies is not disputed; but he surely could not proceed to recover back in an action at law, the consideration money paid, which must be based on an actual or constructive disaffirmance of the contract; and also obtain a decree for the specific execution of a contract, pronounced by a judgment at law disaffirmed. The action for damages for the non-performance of the contract in covenant, and his remedy in equity, might probably have been proceeded in at the same time; and he might have elected which he would prosecute to final judgment; but most certainly the action in *assumpsit,* for the consideration money, cannot be ranked under the class of those termed elective.

For these reasons we think the decree is erroneous, and that on the first two points it should be reversed.

With reference to the third, upon the supposition that our views on the first and second are not justified, the interest which Wright had acquired in the lands, required that he should on the coming in of the defendant's answer, which disclosed that interest, have been made a defendant to the bill. The rule is almost inflexible—certainly so, where it can be done without extraordinary difficulty, or where the defendants are not very numerous, and do not reside in remote and distant countries, that all parties in interest shall be made defendants, so that no decree shall be made which can affect their interest, without their being heard. Courts will take notice of the omission, though no demurrer be interposed for want of proper parties, when it is manifest that the

decree will have such an effect. As then the decree in this case manifestly adjudges Wright's title to the land void, it is, we think, for this reason, erroneous,—Wright having had no opportunity to defend his interests, which have been taken away without a hearing.

For the reasons assigned, and a conviction that there is not sufficient equity in the bill, and that Hubbard has voluntarily abandoned those he may have acquired under the contract, we are of the opinion that the judgment of the Circuit Court should be reversed, and the bill dismissed with costs.

*Judgment reversed.*