### HOFFMAN v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

An agreement between the agent of an insurance company and an applicant for insurance, whereby the former, without authority from the company, accepted, by way of satisfaction of a premium payable in money, articles of personal property, is a fraud upon the company, and no valid contract against it arises therefrom.

APPEAL from the Circuit Court of the United States for the Northern District of Ohio.

*Mr. James A. Garfield*, for the appellant, cited *Insurance Company* v. *Wilkinson*, 13 Wall. 222 ; *Masters* v. *Madison County Alert Insurance Co.*, 11 Barb. 624 ; May on Ins., sects. 134, 143 ; *Taylor* v. *Merchants' Fire Ins. Co.*, 9 How. 390 ; 42 N. Y. 54 ; 20 Barb. 468 ; 2 Ins. Law Jour. 23 ; 25 Barb. 189 ; *Hallock* v. *Commercial Ins. Co.*, 2 Dutch. 268 ; 25 Conn. 207 ; id. 542 ; 43 Barb. 351 ; *Cooper* v. *Pacific*, 3 J. C. R. 254 ;

3 Ohio St. 549; 4 id. 353; *Fraternal Life Ins. Co.* v. *Applegate*, 7 id. 292; Bliss on Life Ins., sect. 317.

*Mr. H. L. Terrell* for the appellee.

MR. JUSTICE SWAYNE delivered the opinion of the court.

There is a direct conflict in the testimony of the two principal witnesses in this case, and the discrepancies are irreconcilable. According to our view, the case must turn upon the application of legal principles to facts about which there is no controversy. An elaborate examination of the testimony is, therefore, unnecessary. A brief statement will be sufficient for the purposes of this opinion.

Justin E. Thayer was the general agent of the appellee at Cleveland, Ohio. He was authorized to appoint sub-agents; and on the 7th of April, 1869, appointed A. C. Goodwin such agent. This arrangement continued until the 7th of June, 1869. It was then put an end to by the parties; and they agreed that thereafter Goodwin should act as an insurance broker, and that he should receive for such applications as he might bring to Thayer thirty per cent of the first premium paid for the insurance.

On the 7th of August, 1869, Goodwin gave to Frederick Hoffman a receipt, signed by Goodwin as agent, setting forth that he had received from Hoffman $922.57, " being the first annual premium on an insurance of $8,000 on the life of Frederick Hoffman, for which an application is this day made to the John Hancock Mutual Life Insurance Company of Boston. The said insurance to date from Aug. 7, 1869, subject to the conditions and agreements of the policies of said company, provided that the said application shall be accepted by the said company, and a policy be by them granted thereon. The said policy, if issued, to be delivered by me, when received, to the holder of this receipt, which shall then be given up. It is expressly agreed and understood, that, if the above-mentioned application shall be declined by the said company, it shall be deemed that no insurance has been created by this receipt; but the amount above receipted shall be returned to the holder of this receipt, which shall then be given up."

The amount of the premium specified was paid by Hoffman to Goodwin as follows: —

| | |
|---|---:|
| A horse valued at . . . . . . . . . . . . | $400.00 |
| A sixty-day note to Goodwin . . . . . . . . | 100.00 |
| A cancelled debt owing by Goodwin to Hoffman | 53.57 |
| A premium note of . . . . . . . . . . . . | 369.00 |
| | $922.57 |

Goodwin reported the application to Thayer, but said nothing of the receipt. Thayer forwarded the application, and in due time received the policy. Some time afterwards, Hoffman called for the policy. Thayer demanded the premium. Hoffman refused to pay it, and produced Goodwin's receipt. Thayer then, for the first time, learned the existence of the receipt and the particulars of the alleged payment of the premium. He refused to ratify the transaction.

Ineffectual attempts were made to sell the horse. Finally Thayer, to save trouble to his company, agreed, that if Hoffman would take back the horse, and pay in his stead $250 to the company, the transaction should be closed, and the policy be delivered. This Hoffman refused to do, and sued the company in the Court of Common Pleas of Cuyahoga County for what he had delivered to Goodwin. A verdict was found for the defendant. He took a new trial under the statute of Ohio. Upon the re-trial, a verdict was rendered in his favor. The defendant moved for a new trial, which was granted. In this condition of things, Hoffman died. The suit abated by his death, and was not revived. Thereupon his widow, Henrietta Hoffman, filed this bill. It prayed that the company should be compelled to deliver the policy to her, and to pay the amount of the insurance-money specified. The policy was upon what is known as the "endowment plan." It provided that the amount insured should be paid to Hoffman at the end of ten years, or to his wife in the event of his death in the mean time. No part of what was paid by Hoffman to Goodwin ever came into the hands of Thayer or the company, or inured in any wise to the benefit of either.

Goodwin testified that his share of the premium was "two hundred and seventy-six dollars and some cents;" and, further,

that Thayer assented to the transaction in advance, and, with full knowledge of the facts, ratified it subsequently.

If it be admitted that the facts as to assent and ratification by Thayer are as stated by Goodwin, — a concession by no means warranted, in our judgment, by the state of the evidence, — the question arises, What is the legal result?

Agencies are special, general, and universal. Story's Agency, sect. 21. Within the sphere of the authority conferred, the act of the agent is as binding upon the principal as if it were done by the principal himself. But it is an elementary principle, applicable alike to all kinds of agency, that whatever an agent does can be done only in the way usual in the line of business in which he is acting. There is an implication to this effect arising from the nature of his employment, and it is as effectual as if it had been expressed in the most formal terms. It is present whenever his authority is called into activity, and prescribes the manner as well as the limit of its exercise. *Upton* v. *Suffolk Co. Mills*, 11 Cush. 586; *Jones* v. *Warner*, 11 Conn. 48; Story's Agency, sect. 60, and note; 3 Chitt. Law of Com. & Manuf. 199; *U. S.* v. *Babbit*, 1 Bl. 61; 1 Pars. on Contr., 4th ed., pp. 41, 42.

Life insurance is a cash business. Its disbursements are all in money, and its receipts must necessarily be in the same medium. This is the universal usage and rule of all such companies.

Goodwin had settled his own debt to Hoffman of $53.67, and had appropriated to himself Hoffman's note of $100.

If he had the right to take his percentage in such way as he might think proper, this did not justify his taking the horse at $400. Nor, if Thayer had expressly agreed to take the horse in payment of the premium *pro tanto*, could that have given validity to the transaction. If the agent had authority to take the horse in question, he could have taken other horses from Hoffman, and have taken them in all cases. This would have carried with it the right to establish a stable, employ hands, and do every thing else necessary to take care of the horses until they could be sold. The company might thus have found itself carrying on a business alien to its charter, and in which it had never thought of embarking.

The exercise of such a power by the agent was liable to two objections,—it was *ultra vires,* and it was a fraud as respects the company.   Hoffman must have known that neither Goodwin nor Thayer had any authority to enter into such an arrangement, and he was a party to the fraud.   No valid contract as to the company could arise from such a transaction.   This objection is fatal to the appellant's case.

It is insisted by the counsel for the appellee, that Hoffman, by bringing his action at law, repudiated and rescinded the contract, if there was one; and that the appellant is thereby estopped from maintaining this bill.   Authorities are cited in support of this proposition.   *Herrington* v. *Hubbard,* 2 Ill. 569; *Dalton* v. *Bentley,* 15 id. 420; *Smith* v. *Smith,* 19 id. 349; *Cooper* v. *Brown,* 2 McLean, 495; *Williams* v. *Washington Life Ins. Co.,* 4 Big. Life & Acc. Ins. Rep. 56.

As the point already determined is conclusive of the case, it is unnecessary to consider this subject.        *Decree affirmed.*