## Case No. 7,453.

JONES v. AETNA INS. CO.

SAME v. INS. CO. OF NORTH AMERICA.

[7 Reporter. 644; [1] 19 Alb. Law J. 522; 8 Ins. Law J. 415.]

Circuit Court, D. Massachusetts. April 22, 1879.

[1] [Reprinted from 7 Reporter, 644, by permission.]

C. Allen, for plaintiff.

H. G. Parker and J. D. Bryant, for the different defendants.

LOWELL, Circuit Judge. Upon a review of the point, aided by the able and learned arguments on both sides, I am unable to see that the ruling was wrong. There was no question of actual fraud, or of the insolvency of either the agent or the plaintiff. and the decisions. it seems to me, make out such an exception as I referred to in the ruling. In certain classes of mercantile agencies the law founded originally in usage permits the agent to keep an account current with both sides and to settle with one of them by an offset, such as was agreed on in this case. Stewart v. Aberdein. 4 Mees. & W. 211; Catterall v. Hindle, L. R. 2 C. P. 368, 370. The power of insurance agents to make a contract of this sort is recognized in Chickering v. Globe Mut. Life Ins. Co., 116 Mass. 321, which illustrates the difference between insurance agents and partners in the point under discussion. Mississippi Valley Life Ins. Co. v. Neyland, 9 Bush. 430; Bouton v. American Mut. Life Ins. Co.. 25 Conn. 542; Post v. Aetna Ins. Co.. 43 Barb. 351. There are many cases in the supreme court as well as other courts which establish the general proposition of the plaintiff. that one who is given the powers which this agent

had is a general agent, and may waive the condition for a cash premium. Insurance Co. v. Colt, 20 Wall. [87 U. S.] 560; Angell v. Hartford Fire Ins. Co., 59 N. Y. 171; Hoffman v. Hancock Mut. Life Ins. Co., 92 U. S. 161. Motion for new trial denied.