TAYLOR MANUFACTURING CO. v. J. H. BROWN.

(No. 3109.)

APPEAL from Tarrant County.  Opinion by WHITE, P. J.

JAS. C. SCOTT and R. H. ORR, counsel for appellant.

No counsel appeared for appellee.

§ **3.** *Agent; sales by; facts held sufficient to put purchaser upon inquiry as to extent of authority of; case stated.* Appellant was a private corporation engaged in business at St. Louis, and it sold its goods at the "pool prices" agreed upon by the business houses of St. Louis. One Johnson was the traveling agent of and salesman for appellant company in Texas. He sold several bills of goods to, and received several orders for goods from, appellee, Brown. All orders were purchased on sixty days' time, and Johnson agreed with Brown that if Brown would pay the full value pool prices of the goods to the firm at St. Louis, he (Johnson) would rebate or pay him (Brown) back ten per cent. off the pool price; that is, he would refund him that amount in Ft. Worth. The reason assigned for this arrangement was that Johnson did not wish it to become known that his house was discounting the pool prices of their goods. The obligation to rebate and discount the sales of the goods to Brown was in writing, signed by Johnson individually, and stipulated that the rebates and discounts were to be paid by Johnson in person. In compliance with his agreement, Johnson did refund to Brown the rebates and discounts upon several of his orders. Some of them were still out and unsettled, however, when Johnson ceased to be agent and salesman in Texas for appellants, and when these became due Brown paid them to appellants in St. Louis, less the ten per cent. rebates and discounts, which amounted to $101.62. This he refused to pay, though appellants denied all knowledge of his agreement with Johnson, and claimed that if such agreement was made it was made without their authority or consent, and was not binding upon them. Appellants instituted this suit in the justice's court to recover the $101.62 still due them, which upon a trial resulted in a judgment for the defendant, Brown; and on appeal to the county court and a trial *de novo* in that court, a like

judgment was again rendered in favor of Brown, and from that judgment this appeal has been taken.

At the trial Johnson testified: "I was not instructed by the plaintiff to make defendant special rates. I did pay defendant a rebate on several occasions, but it was done on my own responsibility, out of my own money, without authority of plaintiff. The company did not authorize me to do so. I did so on my own responsibility. The agreement was between Mr. Brown and myself personally." The agreement spoken of, and which was in writing, was as follows: "The above to be delivered to Deeming Com. Co. in our order. The above at list prices, less 10 per cent., F. O. B. St. Louis. Rebate to be paid by Johnson in person. Terms 60 days. All further purchases made by letter to be on the same basis, with same discounts. (Signed) D. C. JOHNSON." *Held:* "That a party is agent for another does not render such other liable for every contract the agent may make. To be binding upon the principal the contract must come within the apparent scope of the agent's authority." And: "If a party dealing with such an agent has notice of the authority under which such agent acts, or of such facts as will put him upon inquiry as to the extent of such authority, then the principal will not be bound by the acts of the agent not contained in the authority conferred." [2 Civil Cas. Ct. App., §§ 234, 235; 1 Civil Cas. Ct. App., § 291.] In this case the facts and circumstances were of a character as should have put Brown upon inquiry as to Johnson's authority as agent. He had the price list of the goods he was selling. He did not pretend to bind appellants in his agreement to rebate and discount the orders. He only agreed in the writing itself to refund and repay them in person, and he did refund and repay them in person. As shown by the evidence before us, the Taylor Manufacturing Company are in no wise bound to make good the agreement of Johnson with Brown. They were not parties to it,

and they have done nothing to authorize or ratify it. Such being our view of the case, the judgment of the lower court is reversed; and, there being no question in our minds as to the fact that Brown is justly and legally indebted to them, judgment will here be rendered that appellants, the Taylor Manufacturing Company, do have and recover of the appellee, Joseph H. Brown, the sum of $101.62, with interest at the rate of eight per cent. per annum from the 24th day of June, 1887, together with all costs in this and in the lower courts expended.

October 16, 1889.    Reversed and remanded.