FOLB v. FIREMEN'S INSURANCE CO.

(Filed October 20, 1903.)

INSURANCE—*Premiums—Payments—Fire Insurance.*

> The taking of clothing by the agent of a fire insurance company in part payment of the premium of a policy is a fraud upon the company, and no valid contract as to the company arises from such a transaction.

ACTION by Mike Folb against the Firemen's Insurance Company of Baltimore, heard by Judge *C. M. Cooke,* at February Term, 1902, of the Superior Court of CUMBERLAND County. From a judgment for the defendant the plaintiff appealed.

*H. L. Cook, N. A. Sinclair* and *E. G. Davis,* for the plaintiff.
*S. H. McRae* and *Rose & Rose,* for the defendant.

CONNOR, J. Plaintiff testified that he was engaged in business as a clothing merchant in Fayetteville, N. C., in 1901 and 1902; had one store which he called the Boston Clothing Store. That he was solicited by John Underwood, defendant's local agent, to give him some insurance in defendant company. That he finally told Underwood that he would take a policy of two thousand dollars on his stock in the Boston Clothing Store. That agent said he would place his insurance in defendant company. This was about the 6th November, 1901. Agent told him afterwards that he had written the policy in said company upon the stock of goods and had it in his office in the safe. The policy covered clothing, gent's furnishing goods, etc. That he had no other insurance on that stock. Early in January, 1902, said store was

destroyed by fire. The value of the stock at the time of the fire was $5,500. The damage by fire and water was $1,647.90. That he notified defendant's agent. That he did not pay the $34 the very time he agreed on the contract of insurance. That a few days afterwards he paid it by letting said agent have some clothing out of the store to the amount of about $20, and the balance in money. That it was cold weather when he paid agent for the insurance and he said he needed some clothes and he would as leave buy them from plaintiff as any one else, and as he had given him the insurance he would take part payment in clothing. He took a suit of clothing for himself and perhaps some other articles. Plaintiff paid the balance in money. Mr. McRae, agent for the company, notified plaintiff that the company would not recognize any liability. No policy of insurance was ever produced, nor was there any evidence that any policy was ever issued, nor that the defendant had any notice of the transaction until after the fire. There was evidence in regard to the proof of loss after the fire. Upon this testimony plaintiff rested. The defendant moved for judgment of non-suit. This motion was allowed and plaintiff appealed.

We are of the opinion that there was no error in his Honor's ruling. It is clear that the agent had no authority to accept merchandise in payment of the premium.

"In the absence of any special agreement, the insurance premium must be paid in money. Unless objected to, currency, or even checks, drafts or bills of exchange, will constitute payment; but the agent will not be presumed to have authority to accept merchandise on personal account. The distinction between the agent and his principal should be kept in view. The premium on a policy of insurance is the property of the latter and not of the former. Where the agent delivers a policy to the merchant with whom he has dealings and to whom he is indebted for goods due for the use of his

family, and the premium by agreement is placed to the credit of the account, it is a fraud on the principal, and should a loss occur, the agent having failed to remit, the insurer will not be liable. The agent cannot appropriate to his own use the funds of his principal without a wrong being done the latter; and when merchandise is accepted in payment, or the premium is applied to pay a debt due to the insured, the latter becomes a party to the wrong and the company will not be bound." Ostrander on Insurance (2 Ed.), p. 295. The same doctrine is laid down in Kerr on Insurance, p. 294, citing *Hoffman v. Ins. Co.*, 92 U. S., 161.

*Mr. Justice Swayne* says: "Life insurance is a cash business. Its disbursements are all in money, and its receipts must necessarily be in the same medium. This is the universal usage and rule of all such companies. * * * If the agent had the authority to take the horse in question, he could have taken other horses from Hoffman, and have taken them in all cases. This would have carried with it the right to establish a stable, employ hands and do everything else necessary to take care of the horses until they could be sold. The company might thus have found itself carrying on a business alien to its charter, and in which it had never thought of embarking. The exercise of such a power by the agent was liable to two objections—it was *ultra vires,* and it was a fraud as respects the company. * * * No valid contract as to the company could arise from such a transaction."

These authorities are conclusive and fully sustain his Honor's judgment.

No error.