## DICKINSON v. NATIONAL LIFE & TRUST CO.

Where a state agent of an insurance company, to procure the application of a physician for life insurance, executed a writing certifying that the physician was to examine applicants for the company to the amount of the premium on his policy, in consideration of which the physician had given his notes, the writing being signed individually by the agent, but no persons were brought to the physician for examination, and he was compelled to pay the full amount of the notes to indorsees thereof, he could not recover the amount so paid from the insurance company, where the agent had no authority to execute the writing described, and where the application for the policy stated that no statements, promises, or information given by the person soliciting the application should be binding on the company unless reduced to writing and presented to its officers at the home office.

(Opinion filed, May 9, 1906.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by S. B. Dickinson against the National Life & Trust Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*John B. Hanten* and *L. A. Stebbins,* for appellant. *Case & Shurtleff,* for respondent.

FULLER, P. J. At the trial of this action to recover on the amount of two negotiable promissory notes, aggregating, with interest, $272, and executed on the 14th day of August, 1902, by

plaintiff, a physician and surgeon, to the defendant, a non-resident life insurance company, in settlement for the first year's premium on a $5,000 policy, it was established by undisputed evidence and found by the court that William M. Colby, to whom the notes were delivered by plaintiff, was the state agent of the defendant authorized to procure applications for life insurance, either in person or through soliciting agents, and to forward the same for approval or rejection to the company at its home office in the city of Des Moines, Iowa. As an inducement to procure the application and sell the insurance in question, Colby concurrently executed and delivered to plaintiff the following writing: "This is to certify that said S. B. Dickinson, of Watertown, S. Dak., is to examine applicants for the National Life & Trust Co. to the amount of said premium, which is $243.05, being the first year's premium on $5,000 20-year endowment, in consideration of which he has given his notes for $97.22 and $145.83 payable on Feb. 1st, 1903. [Signed] Wm. M. Colby:" In the due course of business and before maturity Colby sold and transferred plaintiff's notes, and, retaining 70 per cent. of the proceeds thereof as commission, remitted the balance to the defendant-company, by whom the application for insurance had been approved and the policy issued without any knowledge that the foregoing stipulation had been made; and the court expressly found that such separate agreement was executed by Colby without any authority, and that the company has never ratified the same. However, plaintiff was duly appointed medical examiner for the city of Watertown and vicinity, but no applicants for insurance ever presented themselves for examination, and he was obliged to pay the notes in full to the indorsee in due course. After the policy had been in force nearly six months and about one-half the premium earned, plaintiff informed the defendant of his. arrangement with Colby to pay the promissory notes by the examination of applicants for insurance at $5 each, and demanded a return of the entire premium paid, for the reason that no such applicants had presented themselves for examination. The defendant company having refused to ratify this Colby arrangement, or comply with the demand that the money be returned, plaintiff deposited the policy of insurance in a Watertown bank, and instituted this action

which resulted in a judgment in his favor for the full amount claimed. While such unilateral agreement was held to be unauthorized and void, the court seems to have entertained the view that it was the duty of the defendant to fully recognize the transaction when informed of its nature, and that plaintiff was entitled to recover the full amount of the premium paid. In plaintiff's application, upon which the policy was issued, he agreed, for himself and all persons interested, "that inasmuch as only the officers at the home office of the company in the city of Des Moines have authority to determine whether or not a bond or policy shall issue in any application, and as they act on the written answers referred to, no statements, promises, or information made or given by or to the person soliciting or taking this application for a bond or policy, or by or to any other person, shall be binding on the company or in any manner affect its rights, unless such statements, promises, or information be reduced to writing, and presented to the officers of the company at the home office in this application." The case of Clevenger v. Mutual Life Insurance Co., 2 Dak. 114, 3 N. W. 313. is to the point that it is error to admit evidence of an agreement with an agent that is not consitent with the written application and policy of insurance. In view of the foregoing restrictions of which plaintiff had ample notice and the universally recognized uncertainty as to the amount of insurance business obtainable in any locality, it would be unreasonable to conclude that even Colby intended to enter into an agreement to furnish any more applicants for medical examination than could be induced to become prospective policyholders, and the court was fully justified in finding to the effect that plaintiff was charged with knowledge that Colby had no authority to make such an unusual, as well as unintelligible contract.

In an action presenting a question similar to this upon principle, where a general agent of an insurance company was employed for a stated term at a specified commission on all business done, it was held that the company might discontinue such business at any time without a breach of contract affording a basis for recovery, and that plaintiff was not entitled to even nominal damages. Pellet v. Manufacturers' & Merchants' Ins. Co., 104 Fed. 502. 43 C. C. A. 669. There is nothing affixed to the signature of

Colby to indicate that he was acting in a representative capacity for. the purpose of creating an obligation on the part of the company to furnish applicants for medical examination, and were he the defendant in this action, it would not be competent for him to attempt to avoid personal liability by testifying that he was acting in. such capacity. Schriner v. Dickinson, 20 S. D. — 107, N. W. 536. So "an agreement between the agent of an insurance company and an applicant for insurance, whereby the former, without authority from the company, accepted, by way of satisfaction of a premium payable in money, articles of personal property, is a fraud upon the company, and no valid contract against it arises therefrom." Hoffman v. Hancock Mutual Life Insurance Co., 92 U. S. 161, 23. Confessedly Colby was without even ostensible authority to bind the company otherwise than as specified in plaintiff's written application for insurance, and under all the facts and circumstances it was erroneous to impose liability upon the defendant on account of such unauthorized, unratified, and individual undertaking.

The judgment appealed from is reversed.