## TOLLERTON & WARFIELD CO. v. GILRUTH et al.

A traveling salesman, empowered to take orders for merchandise at a price consistent with current quotations prescribed by his employer, cannot bind his employer by a written rebate agreement signed in his own name, in the absence of special authority.

A traveling saleman, empowered to take orders for merchandise,

took an order for merchandise at a price consistent with current quotations prescribed by his employer, and signed in his individual capacity an agreement for a rebate. **Held**, that under Rev. Civ. Code, § 1680, providing that an authority expressed in general terms does not authorize an agent to act in his own name, the buyer was put on inquiry as to the extent of the authority of the agent to contract for a rebate, and the buyer could not hold the employer thereon, in the absence of evidence of authority to make it.

(Opinion filed, July 10, 1907.)

Appeal from Circuit Court, Codington County. Hon. GEORGE H. MARQUIS, Judge.

Action by the Tollerton & Warfield Company against A. C. Gilruth and others. From a judgment for defendants, plaintiff appeals. Reversed.

*Case & Shurtleff,* for appellant.

A principal is not bound by a written contract executed by an agent in his own name, and which is beyond the scope of his authority and does not contain any words tending to show that it was executed for, or in behalf of, such principal. Taylor Manufacturing Co. v. Brown, 14 S. W. 1071; Jones v. Keeler, 81 N. Y. S. 649; Brown v. West et al., 38 Atl. 37; Matthew v. Renz, 61 S. W. 9; McIntosh-Huntington Co. v. Rice, 58 Pac. 358.

*Wilbur S. Glass,* for respondent.

The shipments of sugar were made, accepted by the respondents and the payments all made in accordance with the original agreement made between the respondents and the traveling salesman of appellant. After the payments had been fully made, appellant demanded of respondents, an additional sum, which additional sum so demanded respondents refused to pay. It matters not, whether McCall was authorized to sell the sugar in accordance with the terms and conditions, upon which the sale was made, or not, for the reason that respondents have the right to buy or not to buy upon such terms as they make, or upon the terms offered, provided such terms are accepted by the seller. Respondents are not presumed to know anything about the secret instructions regarding the sales existing between the seller and the Agent or Representative of the seller, and unless those instructions were made known, the respondents are not governed at all by them.

FULLER, P. J.   This action was to recover a balance of $153.15 alleged to be due on two car loads of sugar purchased by respondents from the appellant corporation, through the agency of its traveling salesman, James C. McCall, during the month of September, 1902.   Each car load consisted of 300 sacks, of 100 pounds each, and upon the face of the account transmitted to respondent September 17, 1902, when the first shipment was made, the sugar was invoiced at $4.93 per hundred, less 1 per cent. discount, and a few days later, when the second car containing beet sugar was forwarded, the same was invoiced and billed to respondent at $4.91 per hundred pounds.   Without any claim that the price stated in the respective invoices received by respondents was incorrect, they made various remittances to appellant at different times, until all was paid but the sum involved in this litigation, and to prevent recovery they were permitted to introduce oral testimony of a purported secret rebate slip signed by James C. McCall, which reduced the price considerably below the market value of the sugar when purchased.   Appellant neither authorized nor ratified this rebate given secretly, if at all, by its traveling salesman, and was never informed of its existence until all the partial payments had been made, and respondent was being persistently urged to pay the balance.   The invoices which respondents duly received state the price and terms of sale, and expressly provide that all claims must be made, not to the salesman taking the order, but at the office of appellant immediately on receipt of the shipment, and the exact question of law to be determined is whether, under all the facts and circumstances, appellant is bound by the unauthorized rebate, the giving of which will be assumed as found by the jury.

In a recent case, one William M. Colby, the state agent of an insurance company, obtained the application of a physician for life insurance, and took his notes to the amount of the first year's premium, but concurrently executed and delivered to such physician a writing, to the effect that he was to examine applicants for the company to the amount of such premium, and it was held by this court that the company was not bound by such unauthorized act of its agent.   In the course of the opinion, it is said: "There is nothing affixed to the signature of Colby to indicate that he was

acting in a representative capacity for the purpose of creating an obligation on the part of the company to furnish applicants for medical examination, and, were he the defendant in this action, it would not be competent for him to attempt to avoid personal liability by testifyinng that he was acting in such capacity." Dickinson v. National Life & Trust Co., 20 S. D. 437, 107 N. W. 537. The following cases are well considered and conclusive as to the point that a drummer, or traveling salesman, cannot bind his principal, in the absence of special authority by a written rebate agreement signed with his own name, and any other construction of such a transaction would materially hamper, if not virtually destroy, the effectiveness of the customary means of transacting wholesale mercantile business with retail customers. John Matthews Apparatus Co. v. Renz, 61 S. W. 9; Taylor Mfg. Co. v. Brown, 14 S. W. 1071.

Such traveling representatives of wholesale dealers are usually clothed with power to solicit sales and take orders at the market value, so when, as in this case, a reasonable price consistent with current quotations is prescribed by the wholesaler, the representative has no authority, implied or otherwise, to enter into a secret agreement to sell for less, and the attempt to do so, when considered with the fact that the private memorandum at variance with the order was signed in his individual capacity, and did not purport to bind any one but himself, was sufficient to put a prudent purchaser upon inquiry. Concerning transactions of this character, section 1680 of the Revised Civil Code provides that "an authority expressed in general terms, however broad, does not authorize an agent to act in his own name," and, to be binding upon the principal, the contract of an agent must generally come within the apparent scope of his authority.

The view we have taken renders further consideration of the assignments of error unnecessary, and the judgment appealed from is reversed.