JACOB COHEN, APPELLANT, v. THE NEW ZEALAND IN-
SURANCE COMPANY, LIMITED, RESPONDENT.

Argued May 22, 1924—Decided October 20, 1924.

In the absence of provisions in the policy or contract of insurance
to the contrary, an agent authorized to write, countersign and
deliver a policy for the company has no implied authority to
waive payment of the premium in money and to take in lieu
thereof merchandise consisting of shirts and underwear, and no
valid contract as to the company arises from such payment in
merchandise, accepted by the agent, unless it has been made effec-
tive by the company by consent, estoppel or ratification.

On appeal from the Supreme Court.

For the appellant, *Michael H. Feldman.*

For the respondent, *Vanderbilt & Hedden.*

The opinion of the court was delivered by

TRENCHARD, J.   This was an action brought to recover on
a fire insurance policy issued to the plaintiff below by the
New Zealand Insurance Company, Limited, the defendant
below, covering merchandise in the plaintiff's store in
Elizabeth.

The trial at the Union Circuit, resulted in the direction
of a verdict for the defendant company, and the plaintiff
appeals from the consequent judgment.

The verdict was directed upon the ground (among others)
that the policy was not a valid contract of the company be-
cause the premium had not been paid.

We think that was right.

At the trial it appeared without dispute that the policy
in suit was written and countersigned by Harry L. Weaver,
agent of the company at Elizabeth, on December 16th, 1921;
that the policy, which contained no formal acknowledgment
of the receipt of the premium, was delivered to the plaintiff
by Weaver on or about that date, who took from the plain-

tiff merchandise, consisting of shirts and underwear, in payment of the entire premium, and gave plaintiff a receipt; that on or about January 1st, 1922, Weaver procured the policy from the plaintiff stating that there was "something wrong" with it which he would "fix up;" that on January 11th, 1922, Weaver sent the policy to the company marked "canceled, not wanted;" that shortly thereafter Weaver absconded and has not been heard from since; that the company never received anything whatsoever on account of the premium; that the plaintiff "forgot" about the policy until after the fire which occurred November 12th, 1922; that the company upon receipt of proof of loss immediately disclaimed liability upon the ground that the policy had been returned and canceled; that the policy remained in the possession of the company until produced on notice at the trial.

In this situation it seems clear that the policy in question never became an outstanding obligation of the company. There is nothing in the contract of insurance or in the evidence in the case tending to show that this agent had any authority to deliver the policy except upon payment of the premium, nor was there any evidence that the plaintiff was led to think that he had such authority.

Of course, within the sphere of the authority conferred, the act of the agent is as binding upon the principal as if it were done by the principal himself. But it is an elementary principle, applicable alike to all kinds of agency, that whatever an agent does can be done only in the way usual in the line of business in which he is acting. There is an implication to this effect arising from the nature of his employment, and it is as effectual as if it had been expressed in the most formal terms. *Hoffman* v. *John Hancock Life Insurance Co.*. 92 *U. S.* 161.

Now, fire insurance is, broadly speaking, conducted on a money basis. Its disbursements are all in money and its receipts must necessarily be in the same medium or its equivalent to the company when taken, and this all parties dealing with or for the company are presumed to know. If the agent had authority to take the shirts and underwear in payment

of the premium, he had a right to take it in coats or any other chattels. If he had authority to accept such a payment from the plaintiff, he had a right to accept it from every other person who desired to take out a policy, and thereby practically force the company into a mercantile business alien to its charter and in which it had never thought of embarking.

Of course that cannot be. The agent had no such power, and his attempt to exercise it was a fraud as respects the company. The plaintiff must have known that the agent had no authority to enter into such an arrangement and he was a party to the fraud. No valid contract as to the company could arise from such a transaction. In *Hoffman* v. *John Hancock Life Insurance Co.*, 92 *U. S.* 161 (a case remarkably like this), it was held that the taking of a horse by an agent of an insurance company to pay the premium of a policy was *ultra vires* and a fraud as respects the company, to which the insured was a party, and that no valid contract as to the company could arise from such a transaction.

In *Tomsecek* v. *Travelers' Insurance Co.*, 113 *Wis.* 114, it was said that a careful analysis of the authorities will show that with few exceptions, which are not of sufficient significance to be followed, the idea that the agent of an insurance company has implied authority to waive payment of premiums on an insurance policy in money and agree to take something in lieu thereof, which is neither money nor an agreement to pay money, nor an equivalent to money to the insurance company when taken, has no support.

Now, we think that the true rule, applicable to the facts of the present case, is that, in the absence of provisions in the policy or contract of insurance to the contrary, an agent authorized to write, countersign and deliver a policy for the company has no implied authority to waive payment of the premium in money and to take in lieu thereof merchandise consisting of shirts and underwear, and that no valid contract as to the company arises from such a payment in merchandise, accepted by the agent, unless it has been made effective by the company by consent, estoppel or ratification.

Here there was nothing from which consent or estoppel or ratification could be inferred. We are not called upon in this case to consider the effect of payment by checks or notes or by agreement to pay in money, or by the extension of credit by bookkeeping or otherwise; in which connection, however, see *Carson* v. *Jersey City Insurance Co.*, 43 *N. J. L.* 300; *affirmed*, 44 *Id.* 210. Nor do we determine in this case the right of the agent to take his percentage of the premium in such a way as he may think proper. That question does not arise, for here he took the entire premium in shirts and underwear.

The judgment below will be affirmed, with costs.

*For reversal*—None.