## KAMINS *v.* ÆTNA LIFE INSURANCE CO.

Insurance—Payment of Premium—Authority of Agent to Accept Other Than Money.

 Insurance agent was without authority to accept as part payment of first premium cancellation of his personal debt to insured and for balance note to him personally, which he, with insured's knowledge, indorsed over to automobile dealer from whom he was buying automobile, and therefore premium was not paid and policy never became effective.

Appeal from Ingham; Carr (Leland W.), J. Submitted April 14, 1932. (Docket No. 110, Calendar No. 36,261.) Decided June 6, 1932.

Assumpsit by Abe A. Kamins, as beneficiary, against Ætna Life Insurance Company, a foreign corporation, on a life insurance policy. Judgment *non obstante veredicto* for defendant. Plaintiff appeals: Affirmed.

As to payment of insurance premium by cancellation of agent's indebtedness, see L. R. A. 1915A, 686.

*Partlow & Metz,* for plaintiff.

*Foster & Cameron,* for defendant.

CLARK, C. J.   In this action on a policy of life insurance and for the amount thereof, defendant had judgment notwithstanding verdict.   Plaintiff has appealed.

Plaintiff and David Kramer were partners.   They decided to have partnership life insurance, so-called, each to take policy payable to the other.   They knew O'Brien, an agent of a State agent of defendant, to whom they made applications.   Premium was not then paid.   The contract provided:

"If not given, it is agreed that no insurance hereon shall be effective until a policy is issued and the entire first premium has been paid during the good health of the applicant and within sixty days from the date of medical examination."

The policies were issued.   O'Brien delivered them. The total of both premiums was $134.15.   O'Brien was personally indebted to the partners.   He was buying an automobile from Dean & Harris, dealers. For these first premiums the partners gave O'Brien a note of $100, payable to Dean & Harris, and gave credit for remainder on O'Brien's indebtedness to them.   Dean & Harris brought the note back to the partners, and a new note was made payable to O'Brien, who indorsed to Dean & Harris, to be applied on the automobile as the insured well knew.

The State agent soon called and took up the policies.   Kramer died.   This suit by plaintiff followed.

We pass the argument as to whether O'Brien had authority of any kind to accept note instead of cash for premium (but as to which see *Continental Life Ins. Co.* v. *Willets,* 24 Mich. 268), and rest decision,

as did the trial judge, on the other feature of the case, the use of such agency as there was by agent O'Brien for the benefit of himself, with plaintiff's knowledge and active participation.

This was clearly beyond the authority of the agent, and it was a fraud upon defendant.

In a like case where Hoffman was the insured and Goodwin and Thayer the agents, *Hoffman* v. *John Hancock Mutual Life Ins. Co.,* 92 U. S. 161, Goodwin accepted for the first premium a horse, discharge of his personal debt to insured, and two notes, and it was held:

"Life insurance is a cash business. Its disbursements are all in money, and its receipts must necessarily be in the same medium. This is the universal usage and rule of all such companies.

"Goodwin had settled his own debt to Hoffman of $53.67, and had appropriated to himself Hoffman's note of $100.

"If he had the right to take his percentage in such way as he might think proper, this did not justify his taking the horse at $400. Nor, if Thayer had expressly agreed to take the horse in payment of the premium *pro tanto,* could that have given validity to the transaction. If the agent had authority to take the horse in question, he could have taken other horses from Hoffman, and have taken them in all cases. This would have carried with it the right to establish a stable, employ hands, and do everything else necessary to take care of the horses until they could be sold. The company might thus have found itself carrying on a business alien to its charter, and in which it had never thought of embarking.

"The exercise of such a power by the agent was liable to two objections, it was *ultra vires,* and it was a fraud as respects the company. Hoffman must have known that neither Goodwin nor Thayer had any authority to enter into such an arrangement,

and he was a party to the fraud. No valid contract as to the company could arise from such a transaction. This objection is fatal to the appellant's case."

And, from 21 R. C. L. p. 910:

"Every agency is subject to the legal limitation that it cannot be used for the benefit of the agent himself, or of any person other than the principal, in the absence of an agreement that it may be so used; and, as this is matter of law, and not of fact, all persons must take notice of it. By perverting his powers to his own personal ends and purposes, an agent acts in excess of his authority; and persons who knowingly participate in such act of perversion —as by purchasing the principal's property with knowledge that the agent intends to convert the proceeds to his own use—are not protected by the authority conferred on the agent."

See, also, 1 Cooley's Briefs on Insurance (2d Ed.), p. 700.

In *Cohen* v. *New Zealand Ins. Co.,* 100 N. J. Law, 110 (126 Atl. 417), it is said:

"In *Tomsecek* v. *Travelers' Insurance Co.,* 113 Wis. 114 (88 N. W. 1013, 57 L. R. A. 455, 90 Am. St. Rep. 846), it was said that a careful analysis of the authorities will show that with few exceptions, which are not of sufficient significance to be followed, the idea that the agent of an insurance company has implied authority to waive payment of premiums on an insurance policy in money and agree to take something in lieu thereof, which is neither money nor an agreement to pay money, nor an equivalent to money to the insurance company when taken, has no support."

In the case at bar the insureds canceled a personal account of the agent to themselves and knowingly aided in acquiring for him personally $100 worth of

automobile, none of which was money nor an equivalent to money to the insurance company when taken, and did not pay the premium.

Nothing in the record permits departure from what is here held.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.